IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 10-34074 |
| **PEARVILLE, L.P.** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**EMERGENCY MOTION FOR ENTRY OF ORDER PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR INTERIM AND FINAL ORDERS: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) DIRECTING PAYMENT OF RENTS TO THE DEBTOR; (3) GRANTING ADEQUATE PROTECTION; (4) SCHEDULING AND APPROVING THE FORM AND METHOD OF NOTICE FOR A FINAL ORDER; AND (5) FOR RELATED RELIEF**

The above-captioned Debtor and Debtor-in-Possession (the "Debtor"), by and through its undersigned attorneys, hereby moves (this "Motion") this Court for entry of an order pursuant to sections 361 and 363 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.,* as amended, the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (1) authorizing the Debtor to use cash collateral; (2) directing payment of rents to the Debtor; (3) granting adequate protection; (4) scheduling and approving the form and method of notice of the final hearing on the Motion; and (5) for other related relief as necessary. In further support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory bases for the relief requested herein are sections 361 and 363 of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules.

## BACKGROUND

3. On May 14, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No creditors' committee has been appointed in this case by the United States Trustee. The Debtor is continuing in possession of its property as Debtor in Possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

4. A detailed discussion of the factual background and circumstances surrounding the Debtor's business and commencement of this chapter 11 case can be found in the Affidavit of James Fisher in Support of First Day Motions (the "Fisher Affidavit"), dated May 17, 2010, attached hereto as Exhibit A and is incorporated herein by reference.

5. As described in Paragraphs 9-10 and 20-21 of the Fisher Affidavit, the Debtor has two pre-petition Secured Lenders: the International Bank of Commerce ("IBC") and Paul J.A. Van Hessen ("Van Hessen").

6. At certain points over the past three months, IBC has notified and directed the tenants of the Debtor's Shopping Center[1] to remit all rental payments directly to IBC.

## RELIEF REQUESTED

7. By this Motion, the Debtor respectfully requests: (a) authorization and approval, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 4001(c)(2), to (i) use Cash Collateral (as defined below) on an interim basis in accordance with the proposed interim order submitted herewith (the "Proposed Interim Order") and in accordance with the budget attached hereto as Exhibit B[2] (as may be amended from time to time, the "Budget") (however, with respect to the Budget, on a weekly basis the Debtor seeks authority to exceed each line item in

---

[1] Capitalized terms not defined herein are used as defined in the Fisher Affidavit.

[2] The Budget is a 30 day budget.

the Budget by up to fifteen (15%) percent, so long as the aggregate amount of the Budget on a monthly basis is not exceeded by more than ten (10%) percent), (ii) grant adequate protection liens to IBC and Van Hessen; and (iii) pending a final hearing on this Motion (the "Final Hearing"), obtain use of Cash Collateral (as defined below) on a limited and interim basis to and including the date on which the Final Order is entered; (b) direct payment of all rents from the Debtor's tenants be made to the Debtor—not IBC; and (c) in accordance with Bankruptcy Rule 4001(b)(2), that this Court schedule the Final Hearing and approve notice with respect thereto, all as more fully described in the Proposed Interim Order.

8. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may use cash collateral with court approval and after notice and a hearing. The Debtor seeks authority to use cash on hand and proceeds from operations (the "Cash Collateral"), in which IBC and Van Hessen (the "Secured Lenders") assert a security interest. Such cash and proceeds constitute "cash collateral" pursuant to 11 U.S.C. §363(a), inasmuch as the Secured Lenders assert a security interest in the Debtor's cash collateral. Pursuant to 11 U.S.C. §363(e), the Court may condition the use of such cash collateral "as is necessary to provide adequate protection of" the interests of the Secured Lenders in the Cash Collateral. Pursuant to 11 U.S.C. §361, when a secured party's interest in cash collateral is entitled to adequate protection, such adequate protection may be provided by, among other things, an additional or replacement lien on assets generated post-petition "to the extent that such ... use ... results in a decrease in value of such entity's interest in the cash collateral." Given that the Secured Lenders may assert liens on substantially all of the Debtor's assets, the Debtor proposes to grant the Secured Lenders replacement liens on post-petition assets, having the same respective priority as their prepetition liens.

**DISCUSSION**

9. <u>The Need for Use of Cash Collateral</u>.  The Debtor has an immediate need to use Cash Collateral for the purpose of meeting necessary expenses incurred in the ordinary course of its business, including payroll, managing the Property and the costs associated with these proceedings, while it restructures and reorganizes its indebtedness and business in a manner that maximizes value and is fair and equitable to all parties in interest.  As of the Petition Date, the Debtor had cash on hand (the "<u>Petition Date Cash Collateral</u>").  Prior to the Petition Date, certain tenants of the Debtor were notified by IBC to remit rent payments directly to it.  The Petition Date Cash Collateral, in addition to future receipts of these rental payments, is sufficient to fund the Debtor's continued operations during the period set forth in the Budget.

10. The Budget provides for payment of essential ordinary course operating expenses during the Budget period.  The payments of the ordinary course operating expenses and those made under any Court approved critical vendor or other orders entered by this Court is essential for the operation of the Debtor's business.  Ceasing operations is not in the best interests of any party to this chapter 11 case, including the Secured Lenders, as the Debtor's failure to operate will immediately and irreparably impair (a) the Debtor's extrinsic value; and (b) the Debtor's ability to use Cash Collateral to generate cash proceeds in excess of the amount of the Petition Date Cash Collateral.  Payment of the ordinary course operating expenses, therefore, will allow the Debtor to adequately protect the Secured Lenders and to continue operating during this chapter 11 case and should be authorized by this Court.

11. Additionally, the Budget provides for payment of restructuring costs, including periodic payments to professionals engaged in this chapter 11 case.

12. <u>Proposed Adequate Protection</u>. As adequate protection for the Debtor's use of Cash Collateral hereunder (collectively, the "<u>Post-Petition Obligations</u>"), the Secured Lenders will be granted, effective immediately and without the necessity of the execution by the Debtor of financing statements, mortgages, security agreements, or otherwise, in accordance with section 361(2) of the Bankruptcy Code, replacement security interests in and liens on (the "<u>Adequate Protection Liens</u>") all post-petition assets of the Debtor and its estate to the extent of a diminution of such Lender's cash collateral in the same respective priority they each held prior to the Petition Date. However, the foregoing Adequate Protection Liens (a) shall not include any claims, causes of action and proceeds thereof arising under sections 510, 544, 545, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code (collectively, "<u>Avoidance Actions</u>"); and (b) shall be subject to the Carve-Out (as hereinafter defined). The Adequate Protection Liens are subject only to and only to the extent the Debtor does not have unencumbered cash to pay, (i) unpaid fees pursuant to 28 U.S.C. § 1930, (ii) any fees payable to the Clerk of the Court, and (iii) any unpaid professional fees of the Debtor, which fees are subject to approval by the Court (the "<u>Carve-Out</u>"). The respective Adequate Protection Liens granted herein shall be subject only to valid, perfected, enforceable and nonavoidable liens and security interests granted by law or by the Debtor to any person or entity that were superior in priority to the prepetition security interests and liens held by the Secured Lenders, and only to the extent such prepetition senior liens are not otherwise subject to avoidance or subordination.

13. The Debtor asserts that all Cash Collateral now existing and hereafter acquired will be deposited and maintained by the Debtor in certain bank accounts (the "<u>Accounts</u>"), pending disbursement in the ordinary course of business of the Debtor consistent with the provisions of this Proposed Interim Order and the Budget. IBC will have a first-priority security

interest in and lien on the Post-Petition Collateral and in the Accounts and all funds therein to secure payment of all Post-Petition Obligations. Van Hessen will have a second-priority security interest in and lien on the Post-Petition Collateral and in the Accounts and all funds therein to secure payment of all Post-Petition Obligations.

14. <u>Interim Approval of the Use of Cash Collateral Should Be Granted</u>. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 may not be commenced earlier than fifteen (15) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a Debtor's estate.

15. Pursuant to Bankruptcy Rule 4001(b), the Debtor requests that the Court conduct a preliminary expedited hearing as soon as practicable (the "<u>Preliminary Hearing</u>") to enter the Proposed Interim Order authorizing the Debtor to use Cash Collateral in an aggregate amount not to exceed the amounts set forth in the Budget (other than as described herein) attached to the Proposed Interim Order pending the Final Hearing.

16. The ability of the Debtor to finance, through the use of Cash Collateral, its ongoing operations as it restructures its indebtedness and business for the benefit of all creditor constituencies is in the best interests of the Debtor, all of its creditors and its estate. The relief requested herein is necessary in order to avoid immediate and irreparable harm and prejudice to the Debtor's estate and to all parties in interest in the Debtor's chapter 11 case. The Debtor has an urgent and immediate need to use Cash Collateral to continue to its business operations while it pursues a restructuring or alternate exit to this chapter 11 case. The Debtor's business will be immediately and irreparably harmed without authorization from the Court to use Cash Collateral,

as requested, on an interim basis pending the Final Hearing, and the Debtor's restructuring efforts will be over.

17.     The interests of the Secured Lenders in the Cash Collateral will be adequately protected pursuant to the Proposed Interim Order. As indicated by the Budget, the Debtor's operations will be cash flow positive during the period covered therein after payment of essential expenses and expenses related to the administration of this chapter 11 case. Additionally, also as indicated by the Budget, the value of the Debtor's hard assets will not decline during the Budget period because the Budget allocates funds sufficient for standard and routine maintenance. The replacement collateral will consist primarily of cash generated during the Budget period.

## **REQUEST FOR FINAL HEARING**

18.     Finally, pursuant to Bankruptcy Rule 4001(c)(2), the Debtor respectfully requests that this Court set a date for the Final Hearing that is no later than thirty (30) days from the Petition Date and approve the provisions for notice of such Final Hearing that are set forth in the Proposed Interim Order.

19.     The Debtor requests that it be authorized to serve a copy of the signed Interim Order, which fixes the time and date for filing objections, if any, by first-class United States Mail upon IBC, Van Hessen, the Office of the United States Trustee, the Debtor's twenty (20) largest creditors as determined in accordance with Bankruptcy Rule 1007(d) and any party having filed a request to receive service in the Debtor's chapter 11 case. The Debtor requests that the Court consider such notice of the Final Hearing to be sufficient notice under Rule 4001 of the Bankruptcy Rules.

**NOTICE**

20. Notice of this pleading has been provided by e-mail or overnight delivery to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) IBC; (c) Van Hessen; (d) Tribble and Stephens; and (e) the Debtor's 20 largest unsecured creditors.  In light of the nature of the relief requested, the Debtor submits that no further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court (a) conduct an emergency hearing on this Motion; (b) enter the Proposed Interim Order substantially in the form submitted herewith; (c) schedule a Final Hearing on the relief requested herein; and (d) grant such further relief as may be equitable and just.

Dated: May 18, 2010

      Respectfully submitted,

      **SPENCER CRAIN CUBBAGE**
      **HEALY & McNAMARA, pllc**

By:   /s/ Thomas H. Grace
      **Thomas H. Grace**
      Texas Bar No. 00785453
      Federal Bar No. 12618
      1330 Post Oak Blvd., Suite 1600
      Houston, TX  77002
      (713) 963-3669  Telephone
      (713) 963-4663  Fax

      and

      **Meagan Martin**
      Texas Bar No. 24050997
      Federal Bar No. 1045350
      1201 Elm Street, Suite 4100
      Dallas, Texas 75270
      (214)290-0029   Telephone
      (214)290-0099  Fax

      **PROPOSED COUNSEL FOR**
      **THE DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. Bankruptcy Court, Southern District of Texas, using the electronic case filing system of the court. All attorneys of record that are registered with the Court will receive a "Notice of Electronic Filing," and have consented in writing to accept this Notice as service of this document by electronic means. I further certify that I have provided notice of this pleading by overnight delivery or facsimile to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) IBC; (c) Van Hessen; (d) Tribble & Stephens; and (e) the Debtor's 20 largest unsecured creditors.

/s/ Thomas H. Grace
Thomas H. Grace