IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.  10-34074 |
| PEARVILLE, L.P. | § | |
| | § | Chapter 11 |
| Debtor. | § | |

THE DEBTOR AND LVH PEARVILLE LLC'S
JOINT CHAPTER 11 PLAN OF REORGANIZATION
DATED: JULY 21, 2010

Pearville, L.P., referred to as the "Debtor", the debtor and debtor in possession in

this bankruptcy case under chapter 11 of the Bankruptcy Code, and LVH Pearville LLC jointly

propose this Plan of Reorganization ("Plan") for the resolution of all outstanding creditor Claims

and Partnership Interests.  Reference is made to the Disclosure Statement filed by the Debtor and

LVH Pearville LLC (the "Disclosure Statement") for a discussion of the Debtor's history and

results of operations.  All creditors and interest holders are encouraged to review the Disclosure

Statement prior to voting on the Plan.

ARTICLE I.

DEFINITIONS AND RULES OF CONSTRUCTION

A.      **Definitions.**

In addition to such other terms as are defined in other Sections of this Plan, the

following terms (which appear in the Plan as capitalized terms) have the following meanings as

used in the Plan.

205136

1.      **"Administrative Claim"** means a claim for costs and expenses of administration of the Reorganization Case under section 503(b) of the Bankruptcy Code entitled to priority pursuant to section 507(a)(1) of the Bankruptcy Code.

2.      **"Allowed Administrative Claim"** means all or that portion of an Administrative Claim which has been allowed pursuant to a Final Order of the Bankruptcy Court.

3.      **"Allowed Claim" or "Allowed Interest"** means, respectively, except as otherwise allowed or provided for in the Plan or a Final Order of the Bankruptcy Court, a Claim or a Partnership Interest, proof of which was timely and properly Filed or, if no proof of claim or proof of interest was Filed, which has been or hereafter is listed by the Debtor on its Schedules as liquidated in amount and not disputed or contingent, and, in either case, as to which:

      (a) no objection to the allowance thereof has been interposed on or before the later of:

           (i) the ninety  (90) day after the Effective Date, or (ii) such other applicable period for objection as may be fixed or extended by the Court, or

      (b) any objection thereto has been determined by a Final Order to the extent such objection is determined in favor of the respective holder.

Unless otherwise specified herein or by order of the Court, an "Allowed Claim" shall not include any interest, fees, costs or other charges on such Claim accruing after the Petition Date.

4.      **"Allowed Priority Tax Claim"** means all or that portion of a Priority Tax Claim

which has been allowed pursuant to a Final Order of the Bankruptcy Court.

5.      **"Avoidance Actions"** means all of the Debtor's and the Estate's rights and claims under sections 541 through 553 of the Bankruptcy Code, inclusive, or under any similar or related state or federal statute or common law, whether or not an action is initiated on or before the Effective Date.

6.      **"Ballot"** means the form to be distributed with the Disclosure Statement to each holder of an Impaired Claim or Partnership Interest on which the holder is to indicate acceptance or rejection of the Plan.

7.      **"Balloting Deadline"** means the date and time, as set by an Order of the Bankruptcy Court and set forth in the Disclosure Statement, by which all Ballots must be received at the address set forth used for voting on the Plan, as such date may be extended by an order.

8.      **"Bankruptcy Code"** means Title 11 of the United States Code, or the Bankruptcy Reform Act of 1978, as amended.

9.      **"Bankruptcy Court"** means the United States Bankruptcy Court for the Southern District of Texas (Houston Division), or, in the event such court ceases to exercise jurisdiction over the Reorganization Case, such court or adjunct thereof that exercises jurisdiction over the Reorganization Case in lieu of the United States Bankruptcy Court for the Southern District of

Texas.

10.     **"Bankruptcy Rules"** means collectively, the (a) Federal Rules of Bankruptcy Procedure, (b) Federal Rules of Civil Procedure and, (c) Local Rules of the Bankruptcy Court, as applicable from time to time in the Reorganization Case or proceedings therein, as the case may be.

11.     **"Business Day"** means any day other than a Saturday, Sunday or Federal holiday in the United States.

12.     **"Cash"** means cash or cash equivalents.

13.      **"Causes of Action"** means, without limitation, any and all claims, actions, causes of action, liabilities, obligations, rights, suits, accounts, debts, sums of money, damages, judgments, claims and demands, actions, defenses, offsets, powers (including all police, regulatory, and enforcement powers and actions that may be taken), privileges, licenses, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whatsoever, whether known or unknown, suspected or unsuspected, whether arising prior to, on or after the Petition Date, in contract or tort, in law, equity or otherwise, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, unsecured and whether asserted or assertable.  For avoidance of doubt, Causes of Action include, but are in no way limited to (a)

damages, (b) the recovery of monies, (c) lien avoidance, subordination, surcharge, recharacterization, rights of setoff, counterclaim or recoupment, and claims on contracts or for breaches of duties imposed by law, (d) tax refunds, (e) injunctive, equitable, or other relief, (f) claims pursuant to Section 362 of the Bankruptcy Code, (g) such claims and defenses as fraud, mistake, duress, and usury, (h) Avoidance Claims, and (i) all causes of action that may be directly or derivatively asserted on behalf of the Debtor, its Estate, or the Reorganized Debtor.

14.     **"Claim"** shall have the meaning set forth in section 101(5) of the Bankruptcy Code.

15.     **"Class"** means a category of holders of Claims or Partnership Interests classified together pursuant to section 1123(a)(11) of the Bankruptcy Code.

16.     **"Confirmation Date"** means the date on which the Confirmation Order is entered on the docket of the Bankruptcy Court.

17.     **"Confirmation Hearing"** means the hearing held pursuant to section 1128(a) of the Bankruptcy Code at which the Bankruptcy Court considers confirmation of the Plan, including any continuances thereof.

18.     **"Confirmation Order"** means the order of the Bankruptcy Court entered following the Confirmation Hearing that confirms the Plan.

19.     **"Debtor"** means Pearville, L.P.

20.    **"Debtor in Possession"** means the Debtor between the Petition Date and the Effective Date.

21.    **"Debtor's Cash"** means (1) the Cash held by the Debtor on the Effective Date; and (2) any Cash or any cash collateral owned by or in which the Debtor has an interest under Section 541 of the Bankruptcy Code.

22.    **"Disallowed Claim"** means (a) a Claim, or any portion thereof, that has been disallowed by a Final Order or a settlement, (b) a Claim or any portion thereof that is Scheduled at zero or as contingent, disputed, or unliquidated and as to which a proof of claim bar date has been established but no proof of claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely filed under applicable law, or (c) a Claim or any portion thereof that is not Scheduled and as to which a proof of claim bar date has been established but no proof of claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely filed under applicable law.

23.    **"Disallowed Interest"** means a Partnership Interest or any portion thereof that has been disallowed by a Final Order or a settlement.

24.    **"Disclosure Statement"** means the Joint Disclosure Statement of the Debtor and

LVH Pearville LLC, as modified or amended, filed with and approved by the Bankruptcy Court

on [_____, 2010].

25.    **"Disputed Claim"** or **"Disputed Interest",** mean any Claim or Partnership

Interest, that is neither an Allowed Claim nor a Disallowed Claim, or an Allowed Interest nor a

Disallowed Interest, as the case may be.  In the event that any part of a Claim or Interest is

disputed, such Claim or Interest in its entirety shall be deemed to constitute a Disputed Claim or

Disputed Interest for purposes of distribution under the Plan unless a Final Order has been

entered providing otherwise. Without limiting any of the foregoing, a Claim or Interest that is the

subject of a pending objection, motion, complaint, counterclaim, setoff, Avoidance Claims,

litigation claim or other defense, or any other proceeding seeking to disallow, subordinate or

estimate such Claim, shall be deemed to constitute a Disputed Claim or Disputed Interest, as the

case may be.

26.    **"Effective Date"** shall be ten (10) days after the Confirmation Date.

27.    **"Estate"** means the estate created in the Reorganization Case under section 541

of the Bankruptcy Code.

28.    **"Exit Financing"** means the funds to be contributed to the Debtor by LVH

Pearville LLC, on or before the Effective Date as more fully described in Section ____ of the

Plan.

29.    **"File"** or **"Filed"** means filed with the Bankruptcy Court in the Reorganization Case, as reflected on the official docket of the Bankruptcy Court for the Reorganization Case.

30.    **"Final Order"** means an order or judgment of the Bankruptcy Court or other applicable court as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing in form and substance satisfactory to the Debtor or, in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court or other applicable court shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired, with no further appeal, petition for certiorari or motion for reargument or rehearing pending; *provided, however,* that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule of the Bankruptcy Rules, may be filed with respect to such order or judgment shall not render such order or judgment not to be a Final Order.

31.    **"Impaired"** means a Claim or Interest or a Class of Claims or a Class of Interests that is impaired within the meaning of Section 1124 of the Bankruptcy Code.

{205136}                                    8

32.    **"Interest"** means the holder of any current or former holder of an "equity security" (as defined in Section 101(16) of the Bankruptcy Code), and includes all Partnership Interests.

33.    **"International Bank of Commerce"** or **"IBC"** means the International Bank of Commerce and any affiliates, successors or assigns thereof.

34.    **"IBC Claim"** means all claims of IBC evidenced by, arising under or relating to the IBC Loan Documents.

35.    **"IBC Collateral"** means any of the Debtor's assets, including the Debtor's Cash and Property, in which IBC has a valid, perfected security interest.

36.    **"IBC Loan Documents"** means all documents evidencing IBC's loans to the Debtor.

37.    **"IBC Unsecured Claim"** means the portion (if any) of IBC's Claim that exceeds the value of IBC's Collateral.

38.    **"Materialmens Lien Holders"** means any creditor of the Debtor's Estate that (i) furnished construction services and/or materials for the construction of the Debtor's Property; and (ii) has asserted a materialmens or mechanics lien on the Debtor's Property. Materialmens Lien Holders are each classified as either a Senior Contractor or Subcontractor as defined herein.

39.    **"Materialmens Lien Holder Claims"** means all claims of Materialmens Lien

Holders.

40.     **"Partners"** mean collectively the Partners of the Debtor.

41.     **"Partnership Interests"** means the respective legal, equitable, contractual and other rights and ownership interests of the Partners in and with respect to the Debtor.

42.     **"Petition Date"** means May 14, 2010.

43.     **"Plan"** means this plan of reorganization, either in its present form or as it may be altered, amended, or modified from time to time by the Debtor or the Reorganized Debtor in accordance with the Bankruptcy Code and Bankruptcy Rules.

44.     **"Priority Tax Claim"** shall mean any Claim that is due on an accrual basis through the petition date entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

45.     **"Property"** means the land, buildings, improvements and equipment located at 10555 Pearland Parkway, Houston, Texas 77089 and the Debtor's Cash.

46.     **"Reorganization Case"** means this bankruptcy case under chapter 11 of the Bankruptcy Code.

47.     **"Reorganized Debtor"** means the Debtor, as revested with property of the Estate to the extent provided in this Plan, on or after the Effective Date.

48.     **"Retained Causes of Action"** means any and all claims, Causes of Action,

demands, defenses, suits, judgments, choses in action, licenses, privileges, agreements,  and all

other rights and remedies (legal or equitable) of the Debtor and the Estate, for or on behalf of

Creditors and/or the Debtor and/or the Estate, including but not limited to any and all claims

and/or Causes of Action by the Estate and/or the Debtor, against any and all Creditors,

Governmental Units, or other Persons, of every kind or nature, whether known or unknown,

suspected or unsuspected, liquidated or unliquidated, matured or unmatured, whether arising

before, on or after the Petition Date, in contract or in tort, at law or in equity, and whether or not

brought as of the Effective Date, including but not limited to those for (i) damages, (ii) the

recovery of monies, (iii) lien avoidance, subordination, surcharge, recharacterization, setoff,

counterclaim, contribution or recoupment, (iv) tax refunds, (v) claims and defenses such as

fraud, mistake, duress and usury, (vi) claims on contracts or for breaches of duties imposed by

law, (vii) injunctive, equitable or other relief, (viii) claims and Causes of Action that may be

asserted derivatively on behalf of the Debtor, the Estate, or the Reorganized Debtor, (ix) claims

and Causes of Action pursuant to section 362 of the Bankruptcy Code, and (x) all Avoidance

Actions.

49.     **"Scheduled"** means the claims set forth, stated or listed on the Schedules.

50.     **"Schedules"** means the Schedules of Assets and Liabilities and List of Equity

Security Holders Filed by the Debtor under the Bankruptcy Rules, as the same have been or may

be amended from time to time before the Effective Date.

51.    **"Secured Claim"** shall mean a claim by a creditor possessing a valid and perfected security interest as such term is defined in the Bankruptcy Code.

52.    **"Senior Contractor"** means a Materialmens Lien Holder whose contract that is the subject of the materialmens lien was by and between the Debtor and the Materialmens Lien Holder.

53.    **"Subcontractor"** means a Materialmens Lien Holder whose contract that is the subject of the materialmens lien was by and between that Materialmens Lien Holder and a Senior Contractor.  In other words, a Subcontractor is not in contractual privity with the Debtor for the materialmens lien that is the subject of the Subcontractor's claim against the Debtor.

54.    **"Tenant Leases"** means leases between the Debtor and its tenants which are subject to assumption pursuant to 11 USC §365.

55.    **"Unsecured Claim"** means any claim that is not an Administrative Claim, Priority Claim, Secured Claim, or a Claim otherwise specifically classified in another class in this Plan.

56.    **"Van Hessen"** means Paul J.A. "Lex" Van Hessen and any affiliates, successors, or assigns thereof.

57.    **"Van Hessen Claim"** means all claims of Van Hessen evidenced by, arising

under, or relating to the Van Hessen Loan Documents.

58.    **"Van Hessen Loan Documents"** means all documents evidencing Van Hessen's

loans to the Debtor.

**B.    Rules of Interpretation.**

Any term used in this Plan that is not defined in this Plan, but that is used in the Bankruptcy

Code or the Bankruptcy Rules has the meaning assigned to that term in the Bankruptcy Code or the

Bankruptcy Rules, as applicable.

**C.    Rules of Construction.**

For purposes of this Plan:

1.    Whenever from the context it is appropriate, each term whether stated in

the singular or the plural shall include both the singular and the plural;

2.    Unless otherwise specified in a particular reference, all references in the

Plan to Sections, Articles, and Exhibits are references to Sections, Articles, and Exhibits of or to

the Plan;

3.    The words "herein," "hereof," "hereto," "hereunder," and others of similar

import refer to the Plan in its entirety rather than only a particular portion of the Plan;

4.    Captions and headings to articles and sections are inserted for convenience

of reference only and are not intended to be a part of or to affect the interpretation of the Plan;

5.      All Exhibits to this Plan are incorporated herein;

6.      The rules of construction set forth in section 102 of the Bankruptcy Code shall apply; and

7.      As to the timing of any required under this Plan, the phrase "on the Effective Date" shall mean "on the Effective Date, or as soon as reasonably practicable thereafter", and the phrase "on or before the Effective Date" shall mean "on or before the Effective Date, or as soon as reasonably practicable thereafter."

**D.**    **Time Periods.**

In computing any time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

## ARTICLE II.

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

**The Plan has four Classes of Claims and one Class of Interests designated as follows:**

        Class 1 – International Bank of Commerce

        Class 2 – Van Hessen

        Class 3 – Materialmens Lien Claims

        Class 4 – General Unsecured Claims

        Class 5 – Partnership Interests

## ARTICLE III. TREATMENT OF CLAIMS AND INTERESTS

The Plan contemplates that LVH Pearville LLC, shall provide the Exit Financing to the Debtor on the Effective Date in an amount sufficient to fund the payment of allowed obligations under the Plan on the Effective Date and to provide additional operating capital for the Reorganized Debtor.  In exchange for providing the Exit Financing, LVH Pearville LLC, shall receive a first lien on all of the Reorganized Debtor's assets to secure the amount of the Exit Financing as well as any future cash infusions necessary to fund cash flow deficiencies until the project is able to generate a positive cash flow.  In addition, in the event that any portion of the Exit Financing is used to pay the Allowed Secured Claim of IBC, LVH Pearville LLC may elect to receive an assignment of IBC's Secured Claim and associated security documents and rights granted thereunder.

### 1.    Class 1 – International Bank of Commerce

The holder of the Class 1 Claim is entitled to vote.  The Class 1 Claim shall be paid in full up to the value of the IBC Collateral on the later of: (a) the Effective Date, or (b) the date such Class 1 Claim becomes an Allowed Claim.  To the extent that the IBC Claim exceeds the value of the IBC Collateral, the IBC Unsecured Claim shall be treated as an allowed Class 4 Claim as described below.

All default interest, late fees, or other penalties, including, but not limited to, prepayment penalties, yield maintenance premiums and/or late fees provided by the IBC Loan Documents shall be deemed waived as of the Effective Date.

### 2.    Class 2 – Van Hessen

The holder of the Class 2 Claim is entitled to vote.  On the Effective Date, all past due amounts owed to Van Hessen, including the principal balance of notes owed by the Debtor to Van Hessen, accrued interest at the contract (non-default) rate, legal fees and out-of-pocket expenses (the "Class 2 Claim") shall be converted to an equity interest in the Debtor of 100%. On or after the Effective Date, the Reorganized Debtor may be converted to a limited liability company which would thereafter have all of the rights, duties and obligations of the Reorganized Debtor hereunder.

3.      **Class 3 – Materialmens Lien Claims.**

Each Senior Contractor holding an Allowed Class 3 Claim shall be paid in full upon the later of: (a) the Effective Date, or (b) the date such Class 3 Claim becomes an Allowed Claim. In addition to the above, the following conditions shall apply to all Materialmens Lien Claimants: (a) the Senior Contractor shall delivers to Debtor documents releasing any and all liens asserted by the Senior Contractor and its Subcontractors; and (b) the Senior Contractor shall deliver sufficient warranty documentation to the Debtor reinstating any and all warranties regarding construction of the Property.  The Plan contemplates that each Subcontractor shall be paid in full by the Senior Contractor on or before the date that the Senior Contractor receives any payment under this Plan.  To the extent that the Class 3 Claims exceed the value of the Materialmens' liens, the Class 3 Claim shall be treated as an Allowed Class 4 Claim as described below.  Holders of Class 3 Claims will not receive interest on the unpaid balance of their Class 3 Claims.

4.      **Class 4 - General Unsecured Claims.**

The holders of Class 4 Claims are entitled to vote on the Plan.  Each holder of an Allowed Class 4 Claim shall be paid 25% of the Allowed Class 4 Claim on the later of: (a) the Effective

Date, or (b) the date such Class 4 Claim becomes an Allowed Claim.  Holders of Class 4 Claims will not receive interest on the unpaid balance of their Class 4 Claims.

     **5.**     **Class 5 - Partnership Interests**

Class 5 is impaired and is deemed to reject the Plan.   The holders of Partnership Interests in the Debtor shall surrender their Partnership Interests.

**ARTICLE IV.**

**TREATMENT OF ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS**

     **1.**     **Administrative Claims.**

     **a.**     **Generally.**

Subject to the bar date provisions herein, the Reorganized Debtor shall pay each holder of an Allowed Administrative Claim against the Debtor on account of and in full satisfaction of such Allowed Administrative Claim, Cash equal to the amount of the Allowed Administrative Claim, on the later of: (a) the Effective Date, or (b) the date such Administrative Claim becomes an Allowed Administrative Claim, or, in either case, as soon thereafter as is practicable.

     **b.**     **Payment of Statutory Fees.**

On or before the Effective Date, the Debtor or Reorganized Debtor shall pay all fees payable under 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, in Cash in full.

### c.    Bar Date For Administrative Claims.

#### i.    General Provisions.

Except as provided below for professionals and non-tax liabilities incurred in the ordinary course of business by the Debtor in Possession, requests for payment of Administrative Claims must be filed no later than thirty (30) days after the Effective Date.  Holders of Administrative Claims (including, without limitation, any governmental units asserting claims for federal, state, or local taxes) that are required to File a request for payment of such Claims and that do not File such requests by such bar date shall be forever barred from asserting such claims against the Debtor, Reorganized Debtor, any other person or entity, or any of their respective property.

Holders of Allowed Administrative Claims shall not be entitled to interest on their Administrative Claims.

#### ii.    Professionals.

All professionals or other entities requesting compensation or reimbursement of expenses under sections 327, 328, 330, 331, 503(b), 506 and 1103 of the Bankruptcy Code for services rendered before the Effective Date (including any compensation requested by any professional for any other entity for making a substantial contribution in the Reorganization Case or under any Bankruptcy Code section) shall File and serve on the Reorganized Debtor an application for final allowance of compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date.

### iii.    Ordinary Course Liabilities.

Holders of Administrative Claims based on liabilities incurred in the ordinary course of business of the Debtor in Possession prior to the Effective Date (other than professionals or other entities described in subparagraph (ii) above, and governmental units that hold claims for taxes or claims and/or penalties related to such taxes) shall not be required to File any request for payment of such claims.  Such Administrative Claims shall be assumed and paid by the Reorganized Debtor in the ordinary course of business under the terms and conditions of the particular transaction giving rise to such Administrative Claim, without any further action by the holders of such claims.

### 2.    Priority Tax Claims.

To the extent such claims exist, each holder of an Allowed Priority Tax Claim shall receive one of the following two treatments, as determined by the Reorganized Debtor in its sole and absolute discretion, on account of and in full satisfaction of such Allowed Priority Tax Claim: (a) Cash on the Effective Date, or on such other date on which such Priority Tax Claim becomes an Allowed Claim, in an amount equal to the amount of the Allowed Priority Tax Claim or (b) payment in sixty equal monthly payments with interest calculated in accordance with 11 U.S.C. section 511.

## ARTICLE V.

## ACCEPTANCE OR REJECTION OF THE PLAN

A.     **Voting Classes.**

Each holder of a Claim in Classes 1, 2, 3, and 4 shall be entitled to vote to accept or reject the Plan. Each holder of a Partnership Interest in Class 5 shall be deemed to have rejected the Plan.

B.     **Voting Rights of Holders of Disputed Claims and Disputed Interests.**

Pursuant to Bankruptcy Rule 3018(a), a Claim or Partnership Interest that is Disallowed or which is disputed or objected to will not be counted for purposes of voting on the Plan to the extent it is disputed, unless the Court enters an order temporarily allowing the Claim or Partnership Interest for voting purposes under Bankruptcy Rule 3018(a).  Such disallowance for voting purposes is without prejudice to the claimant's or interest holder's right to seek to have its Claim or Partnership Interest, as the case may be, allowed for purposes of distribution under the Plan.

C.     **Acceptance by Impaired Classes.**

An impaired class of Claims shall have accepted the Plan if (a) the holders (other than any holder designated under section 1126(e) of the Bankruptcy Code) of at least two-thirds in dollar amount of the Claims actually voting in such class have voted to accept the Plan, and (b) more than one-half in number of the holders (other than any holder designated under section 1126(e) of the Bankruptcy Code) of such Claims actually voting in such class have voted to accept the Plan.

**D.      Nonconsensual Confirmation.**

In the event that any Class of Claims fails to accept the Plan in accordance with section 1129(a)(8) of the Bankruptcy Code, the Debtor requests that the Court confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code.

## ARTICLE VI.

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor by the Confirmation Order will assume the Tenant Leases except as provided on EXHIBIT A to the Plan.  All other executory contracts or leases not expressly assumed prior to confirmation shall be rejected by the Confirmation Order.

## ARTICLE VII.

## MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN

**1.      Notice of Occurrence of Effective Date**

The "Effective Date" of this Plan shall be 10 days after the Confirmation Order becomes a Final Order.  The Reorganized Debtor shall File with the Court a notice of the occurrence of the Effective Date within two Business Days of the occurrence of the Effective Date.

Notwithstanding any other provision of this Plan, the Effective Date shall not occur until the following conditions have been either satisfied or waived by the Debtor or the Reorganized Debtor (or will be satisfied or waived contemporaneously with the occurrence of the Effective Date):  (1) the Confirmation Order, in form and substance satisfactory to the Debtor

or the Reorganized Debtor and LVH Pearville LLC, shall have become a Final Order and not subject to appeal; (2) the Exit Financing contemplated by the Plan which is due to have been paid on the Effective Date shall have been funded to the Debtor; and (3) Paul J A "Lex" Van Hessen shall have delivered to the Debtor a personal guarantee of LVH Pearville LCC performance of its obligations hereunder.

From and after the Effective Date, any Person who desires notice of any pleading or document filed in the Reorganization Case, or of any hearing in the Court, or of any matter as to which the Bankruptcy Code requires notice to be provided, shall file a request for post-confirmation notice and shall serve the request on counsel for the Debtor; provided however, the United States Trustee shall be deemed to have requested post-confirmation notice.

2.      **Vesting of Assets and Operations of Property.**

(a) All property of the estate and the Property shall be transferred to the Reorganized Debtor on the Effective Date.

(b) On the Effective Date, pursuant to the Plan and the Confirmation Order, any receiver, custodian or similar person or entity appointed prior to the Effective Date for the Debtor or any of its property shall be terminated and discharged from its responsibilities and duties and all property, including Cash, of the Debtor held by such receiver, custodian or similar person or entity shall be immediately turned over to the Reorganized Debtor, without setoff or offset.

{205136}                                      22

**3.**     **Means to Implement the Plan.**

The Reorganized Debtor shall make all distributions required under the Plan.

**4.**     **Means for Funding the Plan.**

The Reorganized Debtor shall make all distributions required under the Plan out of the Exit Financing.

**5.**     **Objections to Claims/Administrative Claims/Interests.**

    **a.**     **Objections to Claims or Interests; Prosecution of Disputed Claims or Disputed Interests.**

LVH Pearville LLC, as a joint-proponent of the Plan, or the Reorganized Debtor shall have the exclusive right to object to the allowance, amount or classification of Claims or Interests asserted in the Reorganization Case, and such objections may be litigated to Final Order by LVH Pearville LLC, acting on behalf of the Reorganized Debtor.  Unless otherwise provided herein or ordered by the Bankruptcy Court, all objections to Claims or Interests shall be filed no later than ninety days after the Effective Date, subject to any extensions granted pursuant to a further order of the Bankruptcy Court.  Such extensions may be obtained by LVH Pearville LLC, upon ex parte motion.

    **b.**     **Estimation of Disputed Claims.**

The Debtor, and after the Effective Date, the Reorganized Debtor may, at any time, request that the Bankruptcy Court estimate for all purposes, including distribution under this Plan, any Disputed, contingent or unliquidated Claim or Interest pursuant to Section 502(c) of the Bankruptcy Code regardless of whether the Debtor or the Reorganized Debtor have previously objected to such Claim or Interest.  The Bankruptcy Court shall retain jurisdiction to

estimate any such Claim or Interest at any time, including, without limitation, during the pendency of an appeal relating to such objection.

### c.      No Distribution on Account of Disputed Claims.

No Distribution shall be made with respect to all or any portion of any Disputed, contingent, or unliquidated Claim or Interest until the entire Claim or Interest becomes an Allowed Claim or an Allowed Interest.  The Reorganized Debtor shall set aside or reserve a portion of the consideration payable to the holders of Allowed Claims and Allowed Interests in a particular Class to be held in the Disputed Claims or Disputed Interests reserve for such Class in an amount sufficient to pay to the holders of all Disputed Claims or Disputed Interests in such Class the full distributions they may be entitled to if their respective Claims or Interests were allowed in full.

### 6.      Disputed Claims.

Pending resolution of a Disputed Claim, all Cash to be distributed to the holder of the Disputed Claim shall be placed in a segregated bank account at a federally insured financial institution and maintained by Reorganized Debtor until distribution to the holder of such Claim under the Plan.  Distribution shall be made only from the Disputed Claims reserve and only at such time as a particular Claim is determined to be an Allowed Claim.  The holder of a Disputed Claim that is ultimately allowed shall have no recourse against the Reorganized Debtor or its property for the payment of its Allowed Claim.  No interest shall accrue or will be paid with respect to any Disputed Claim for the period from the Effective Date to the date a distribution, if

any, is made with respect to said Disputed Claim upon becoming an Allowed Claim.  To the

extent that a Disputed Claim ultimately is disallowed or allowed in an amount less than the

amount of the reserves for such Disputed Claim, any resulting surplus in the reserve shall be

transferred from the reserve to the Reorganized Debtor.

       7.     **Effect of Confirmation.**

       Upon the happening of the Effective Date, the effect of Confirmation shall be set

forth in 11 U.S.C. § 1141.

       8.     **Retention of Jurisdiction.**

       After Confirmation of the Plan and occurrence of the Effective Date, in addition

to jurisdiction which exists in any other court, the Bankruptcy Court will retain such jurisdiction

as is legally permissible including for the following purposes:

     a.     To resolve any and all disputes regarding the operation and interpretation

of the Plan and the Confirmation Order;

     b.     To determine the allowability, classification, or priority of claims and

interests upon objection by the Debtor, Reorganized Debtor, or by other parties in

interest with standing to bring such objection or proceeding;

     c.     To determine the extent, validity, and priority of any lien asserted against

property of the Reorganized Debtor or property of the Estate except as to liens

asserted against the Property which have been assumed or discharged pursuant to this Plan;

d.    To construe and to take any action to enforce the Plan, the Confirmation Order, and any other order of the Bankruptcy Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, and the Confirmation Order and all matters referred to in the Plan and the Confirmation Order, and to determine all matters that may be pending before the Bankruptcy Court in this Reorganization Case on or before the Effective Date with respect to any person or entity;

e.    To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

f.    To determine any other request for payment of administrative expenses;

g.    To resolve any dispute regarding the implementation, execution, performance, consummation, or interpretation of the Plan and the Confirmation Order;

h.    To determine motions for the rejection, assumption, or assignment of executory contracts or unexpired leases Filed before the Effective Date and the allowance of any claims resulting therefrom;

i.    To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the Reorganization Case whether before, on, or after the Effective Date;

j.    To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

k.    To modify the Plan under section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose;

l.    Except as otherwise provided in the Plan or the Confirmation Order, to issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan and the Confirmation Order or the execution or implementation by any person or entity;

m.    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

n.    To enter a final decree closing the Reorganization Case; and

o.     To issue such orders in aid of consummation of the Plan and the Confirmation Order, notwithstanding any otherwise applicable non-bankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules.

9.     **Successors and Assigns.**

The rights, benefits, and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, or assigns of such entity.

10.     **Amendment, Modification, and Severability.**

a.     This Plan may be amended or modified before the Effective Date by the Debtor to the extent provided by section 1127 of the Bankruptcy Code.

b.     The Debtor reserves the right to modify or amend the Plan upon a determination by the Bankruptcy Court that the Plan, as it is currently drafted, is not confirmable pursuant to section 1129 of the Bankruptcy Code to the extent such a modification or amendment is permissible under section 1127 of the Bankruptcy Code without the need to resolicit consents, and the Debtor reserves the right to sever any provisions that the Bankruptcy Court finds objectionable.

**11.     Delivery of Distributions and Deliverable or Unclaimed Distributions.**

**A.     Delivery of Distributions in General.**

Except as provided below for holders of undeliverable distributions, distribution to holders of Allowed Claims shall be distributed by mail as follows:

1.     At the addresses set forth on the respective proofs of claims of such holders; or

2.     At the addresses set forth in any written notices of address, changes delivered to the Reorganized Debtor after the date of any related proof of claim; or

3.     At the address reflected on the Schedules if no proof of claim or proof of interest is Filed and the Reorganized Debtor has not received a written notice of change of address.

**B.     Undeliverable Distributions.**

In the event any payment to a holder of a Claim under the Plan remains unclaimed for a period of six (6) months after such distribution has been made (or after such delivery has been attempted), such Unclaimed Distribution and all future distributions to be made to such holders shall be deemed forfeited by such holder and any such distributions retained by the Reorganized Debtor.

No provision contained in this Section or elsewhere in the Plan shall be

interpreted to require the Reorganized Debtor to attempt to locate any such Person.

      1.     **Fractional Cents.**  Any other provision of the Plan to the contrary notwithstanding, no payments of fractions of cents will be made.  Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (rounding down in the case of .5).

      2.     **No Cash Payments of $5.00 or Less on Account of Allowed Claims.**  If a cash payment otherwise provided for by this Plan with respect to an Allowed Claim would be less than Five Dollars ($5.00) (whether in the aggregate or on any payment date provided in this Plan), notwithstanding any contrary provision of this Plan, no such payment will be made and the Reorganized Debtor shall retain such funds for its own purposes.

      **12.**     **Claims Against Others.**

      Although some insiders received distributions within the applicable avoidance period, the Debtor will not pursue these actions since creditors are being paid in full under the Plan.

      The Debtor has not conducted a complete analysis of other avoidance claims arising under the Bankruptcy Code.  The Debtor does not believe that it will pursue any Avoidance Actions.

      **13.**     **Retention of Claims and Causes of Action.**

      Except to the extent any rights, Causes of Action, defenses, and counterclaims are

expressly and specifically released in connection with this Plan or in any settlement agreement approved during the Reorganization Case: (i) any and all Retained Causes of Action accruing to the Debtor or the Estate shall remain assets of and vest in the Reorganized Debtor, whether or not litigation relating thereto is pending on the Effective Date, and whether or not any such Retained Causes of Action have been listed or referred to in the Plan, the Disclosure Statement, or any other document filed with the Court, and (ii) neither the Debtor, the Estate, nor the Reorganized Debtor waive, release, relinquish, forfeit, or abandon (nor shall they be estopped or otherwise precluded or impaired from asserting) any Retained Causes of Action that constitute property of the Debtor or the Estate: (a) whether or not such Retained Causes of Action have been listed or referred to in this Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, (b) whether or not any such Retained Causes of Action are currently known to the Debtor, and (c) whether or not a defendant in any litigation relating to any such Retained Causes of Action Filed a proof of Claim or Partnership Interest in the Reorganization Case, Filed a notice of appearance or any other pleading or notice in the Reorganization Case, voted for or against this Plan, or received or retained any consideration under this Plan.  Without in any manner limiting the scope of the foregoing, notwithstanding any otherwise applicable principle of law or equity, including, without limitation, any principles of judicial estoppel, res judicata, collateral estoppel, issue preclusion, or any similar doctrine, the failure to list, disclose,

describe, identify, analyze or refer to any Retained Causes of Action, or potential Retained Causes of Action, in the Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court shall in no manner waive, eliminate, modify, release, or alter the Debtor's or the Reorganized Debtor's right to commence, prosecute, defend against, settle, recover on account of, and realize upon any Retained Causes of Action that the Debtor or its Estate have or may have as of the Effective Date.

The Debtor expressly reserves all Retained Causes of Action for later adjudication by the Reorganized Debtor, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Retained Causes of Action upon or after the Confirmation or Consummation of the Plan based on the Disclosure Statement, the Plan or the Confirmation Order.  In addition, the Reorganized Debtor expressly reserves the right to pursue or adopt Retained Causes of Action that are alleged in any lawsuits in which the Debtor is a defendant or an interested party, against any Person or Governmental Entity, including the plaintiffs or co-defendants in such lawsuits.

Any Person or Governmental Entity to whom the Debtor has incurred an obligation (whether on account of services, purchase, sale of goods or otherwise), or who has received services from the Debtor, or who has received money or property from the Debtor, or

who has transacted business with the Debtor, or who has leased equipment or property from or to the Debtor should assume that such obligation, receipt, transfer or transaction may be reviewed by the Debtor or the Reorganized Debtor subsequent to the Effective Date and maybe the subject of an action after the Effective Date, whether or not: (a) such Person or Governmental Unit has Filed a proof of Claim or Interest against the Debtor in the Reorganization Case; (b) such Person's or Governmental Unit's proof of Claim or Interest has been objected to by the Debtor; (c) such Person's or Governmental Unit's Claim or Interest was included in the Debtor's Schedules; or (d) such Person's or Governmental Unit's scheduled Claim or Interest has been objected to by the Debtor or has been identified by the Debtor as contingent, unliquidated or disputed.

### 14.    No Waiver of Claims.

Neither the failure to list a Claim in the Schedules filed by the Debtor, the failure of the Debtor or any other Person to object to any Claim for purposes of voting, the failure of the Debtor or any other Person to object to a Claim, Partnership Interest or Administrative Claim before Confirmation or the Effective Date, the failure of any Person to assert a Claim or Cause of Action before Confirmation or the Effective Date, the absence of a proof of Claim or Partnership Interest having been filed with respect to a Claim or Partnership Interest, nor any action or inaction of the Debtor or any other Person with respect to a Claim, Partnership Interest, or

Administrative Claim, other than a legally effective express waiver or release shall be deemed a

waiver or release of the right of the Debtor or the Reorganized Debtor before or after solicitation

of votes on the Plan or before or after Confirmation or the Effective Date to (a) object to or

examine such Claim, Partnership Interest or Administrative Claim, in whole or in part or (b)

retain and either assign or exclusively assert, pursue, prosecute, utilize, otherwise act or

otherwise enforce any Claim or Cause of Action against the holder of any such Claim.

### 15.    Restrictions on Debtor's Operations.

Until all Claims are paid in full, no distributions will be made to partners except

as needed to fund distributions to the holders of partnership interests to fund taxes due

attributable to their partnership interests.

### 16.    Notices Under the Plan.

Notices, requests, or demands with respect to this Plan shall be in writing and

shall be deemed to have been received within five (5) days of the date of mailing, provided they

are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent

to the Debtor, addressed to:

> Spencer Crain Cubbage Healy & McNamara, pllc
>
> Thomas H. Grace
>
> 1330 Post Oak Blvd., Suite 1600
>
> Houston, TX  77002

17.     **Withholding Taxes/Setoffs.**

The Reorganized Debtor shall be entitled to deduct any Federal or State withholding taxes from any payments with respect to Allowed Claims for wages of any kind. The Reorganized Debtor may, but shall not be required to, set off or recoup against any Claim, and the payments to be made pursuant to the Plan in respect of such Claim, any claims of any nature whatsoever the Debtor or the Estate may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Reorganized Debtor of any such claim the Debtor may have against such holder.

18.     **Term of Injunctions or Stays.**

Unless otherwise provided, all injunctions or stays arising before the Confirmation Date in accordance with sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date, or such later date as provided under applicable law.

19.     **Exemption from Certain Transfer Taxes.**

Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer (including the filing and/or recording of any and all documents, liens, security interests or other documents in connection with or related to secured claims or the assumption or modification thereof pursuant

{205136}                              35

to this Plan) or of cancellation and/or releases of any liens or security interests will not be subject

to any stamp tax or similar tax to the fullest extent authorized by section 1146(a) of the

Bankruptcy Code, or otherwise.

20.     **Governing Law.**

Unless a rule of law or procedure is supplied by federal law (including the

Bankruptcy Code and Bankruptcy Rules), the laws of **the State of Texas** (without reference to

its conflict of law rules) shall govern the construction and implementation of the Plan and any

agreements, documents, and instruments executed in connection with the Plan, unless otherwise

specifically provided in such agreements, documents, or instruments.

Dated: July 21, 2010

> Pearville, L.P., a Texas Limited Partnership
>
> By:  JEFCO Development Corporation, a Texas
> Corporation, General Partner
>
> By:  _____
> James E. Fisher, Jr.
> President, JEFCO Development Corporation
>
>
> LVH Pearville LLC, a Texas Limited Liability Company
> (to be formed)
>
> By:  LVH Pearville LLC
>
> By:  _____
> Reuven M. Bisk
> Proposed Manager, LVH Pearville LLC

{205136}                                    36

to this Plan) or of cancellation and/or releases of any liens or security interests will not be subject to any stamp tax or similar tax to the fullest extent authorized by section 1146(a) of the Bankruptcy Code, or otherwise.

        **20.    Governing Law.**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of **the State of Texas** (without reference to its conflict of law rules) shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, unless otherwise specifically provided in such agreements, documents, or instruments.

Dated: July 21, 2010

                    Pearville, L.P., a Texas Limited Partnership

                    By:  JEFCO Development Corporation, a Texas
                    Corporation, General Partner

                    By: _____
                        James E. Fisher, Jr.
                        President, JEFCO Development Corporation

                    LVH Pearville LLC, a Texas Limited Liability Company
                    (to be formed)

                    By:  LVH Pearville LLC

                    By: _____
                      Reuven M. Bisk
                      Required Manager, LVH Pearville LLC

EXHIBIT A

EXECUTORY CONTRACTS

(TO BE PROVIDED)