.... 11/10/2010 17:44 FAX 2142900099          SpencerCrain                                    ☑002

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:                              §
                                    §        Case No. 10-34074
PEARVILLE, L.P.                     §
                                    §        Chapter 11
Debtor.                             §

### TERM SHEET

This agreement (the "Agreement") is made among Pearville, L.P. ("Pearville"), International Bank of Commerce ("IBC"), Paul J.A. Van Hessen ("Van Hessen") and LVH Pearville LLC ("LVH")(collectively, the "Parties").

The Parties have conducted negotiations in an effort to reach an agreement as to financing, the settlement of adversary proceeding No. 10-03279, the nature, extent and validity of liens, and the sale of a certain note held by IBC. The terms of the settlement are set forth below:

1.    Purchase of Note. Van Hessen (through an entity controlled by Van Hessen, if desired) shall purchase IBC's $8,400,000 Note for $7,776,000 in cash (the "Note Purchase Consideration").

    1.1.    The $8,400,000 Note. IBC's $8,400,000 Note consists of:

        1.1.1.    That certain Real Estate Lien Note executed by Pearville payable to the order of International Bank of Commerce ("IBC") dated September 6, 2006 in the original amount of $8,400,000.00, as the same may be amended, renewed or rearranged from time to time (the "$8,400,000 Note").

            1.1.1.1.    As of September 1, 2010 the balance on the $8,400,000 Note including interest and late fees but not legal fees is $9,295,143.92. Interest continues to accrue at $4,142.60 per day.

2.    Assignment of Note. The $8,400,000 Note and all collateral and loan documents related thereto shall be assigned to Van Hessen at Closing. IBC shall make no representation or warranty, express or implied, regarding the loan documents associated with the $8,400,000 Note, other than that IBC is the owner and holder of the $8,400,000 Note and the loan documents related thereto, IBC has the authority to enter into the proposed transaction, and as to the then current outstanding balance of the $8,400,000 Note. Except as provided for herein, the Parties acknowledge that the PAD Sites are not collateral for the $8,400,000 Note or any other obligations owed to IBC other than the $7,600,000 Note as described

2052912v2

below and to the extent the PAD Sites are collateral for the $8,400,000 Note or any other obligations owed to IBC other than the $7,600,000 Note as described below, such security interest(s) shall be released upon closing of the sale of the $8,400,000 Note. IBC agrees to execute such other documents reasonably necessary to affect such release.

3.   Indemnification of Settlement.   Van Hessen shall indemnify and hold harmless IBC for any judgment, settlement or payments made to Tribble & Stephens in satisfaction of Adv. No. 10-03275 (the "Tribble & Stephens Litigation") or other claims made by Tribble & Stephens or its successors or assigns, including but not limited to Van Hessen or its agent, against IBC associated with the Retail Center (the "Tribble & Stephens Settlement"). IBC will use its reasonable efforts to assist in resolving Adv. No. 10-03275 for the lowest dollar amount. IBC may not settle Adv. No. 10-03275 without LVH's consent which may not be unreasonably withheld. Van Hessen agrees to grant IBC a personal guarantee for payment of the Tribble & Stephens Settlement.

4.   Settlement of PAD Site Litigation, Adversary Proceeding No. 10-03279.   For payment of $850,000 (the "Settlement Payment") to IBC by Van Hessen, Adversary Proceeding Number 10-03279 will be dismissed with prejudice, and each party shall bear its own fees, costs and expenses. The Settlement Payment shall be evidenced by a promissory note (the "Settlement Note") in the amount of $850,000 from Van Hessen and/or any entity holding title to the PAD Sites payable to the order of IBC, due and payable on or before December 31, 2010. The Settlement Note shall bear no interest prior to default, and subsequent to default shall bear interest at the maximum non-usurious rate allowed by applicable law. The Settlement Note and the obligation to fund the Tribble & Stephens Settlement shall be secured by a first lien deed of trust (the "Settlement Deed of Trust") covering the PAD Sites (as such term is defined in Section 5 hereof). Upon payment in full of the Settlement Note and IBC obtaining a full and final release of the Tribble & Stephens Litigation, IBC will release all liens it has covering the PAD Sites and discharge the $7,600,000 Note.

4.1   The $7,600,000 Note.   IBC's $7,600,000 Note consists of:

   4.1.1   That certain real estate lien note executed by Pearville payable to the order of IBC dated August 17, 2004 in the original principal amount of $7,600,000, as the same may be amended, renewed or rearranged from time to time (the "$7,600,000 Note").

       4.1.1.1.   As of September 1, 2010 the balance on the $7,600,000 Note including interest and late fees but not legal fees is $550,804.14.   Interest continues to accrue at $246.53 per day.

5.  Taxes.  LVH will cause all ad valorem taxes due and owing on Pearville's property (the "Property") and the two vacant tracts of land of approximately 2 acres each located at Pearland Boulevard and Beltway 8 and made the subject of Adversary Number 10-03279 (the "PAD Sites,"), to be paid in full.  Van Hessen hereby assumes the obligation to pay those taxes.

6.  Mutual Releases.  Van Hessen, LVH, Pearville and IBC will enter into mutual releases in forms to be agreed to.  Mutual releases will be executed at Closing and held in trust by IBC's counsel until IBC's receipt of the Settlement Payment and dismissal of the Tribble & Stephens Litigation respectively.  Each party will be responsible for its own fees and expenses, including attorney's fees (including but not limited to those fees covered by Porter & Hedges' proof of claim), incurred in connection with the herein described promissory notes, the Pearville bankruptcy and the transactions contemplated herein.

7.  Contingencies.  There will be no financing contingencies.  The Agreement will be funded in cash by Van Hessen.  Van Hessen, or his designee, shall provide reasonable proof of his ability to close the transaction to IBC within 10 days of execution of this Agreement and deposit cash in an escrow account not less than 5 days prior to Closing, the Final Payment, or a hearing on the 9019 Motion or confirmation of the Plan, as applicable pursuant to the terms of this Agreement.

8.  Closing Date.  Subject to the provisions of Section 8.5 hereof, Closing shall occur on or before the 10th day after the date hereof or on the date upon which all Conditions to Closing are satisfied (the "Closing" or "Closing Date").  At Closing, the Note Purchase Consideration shall be paid in good funds, and the Settlement Note and Settlement Deed of Trust will be executed.

8.5  Final Payment.  The Settlement Payment will be made on the earlier of (i) the date on which Van Hessen receives payment from Commonwealth Land Title Insurance Co. on account of IBC's alleged lien on the PAD Sites or (ii) December 31, 2010.

9.  Conditions to Closing.  All final documents will be approved, executed and delivered.  IBC has received payment of the Note Purchase Consideration.  The Settlement Note and the Settlement Deed of Trust will have been approved and delivered.  Any dispute regarding such documents will be determined by the Bankruptcy Court.

10.  Assignment of Bonding Capacity.  LVH and Pearville agree to assign to IBC $2,000,000 of Municipal Utility District ("M.U.D.") bonding capacity assigned to Pearville from Harris County M.U.D. No. 381 to be used on the property formerly owned by Pearville-Hope.  LVH and Pearville agree to use their best efforts to properly document the assignment and to work with the proper M.U.D. authorities to properly document the assignment.  Neither LVH or Pearville will take any action to impair or decrease the amount of bonding capacity being assigned herein

11/10/2010 17:45 FAX 2142900090          SpencerCrain                                    ☑005

other than to request reimbursement of improvements already constructed or on which construction has commenced prior to the date hereof. The assignment will be provided for in the Plan. LVH, Pearville, Van Hessen and IBC agree to support and only support a Plan which, to the extent necessary, carries the terms and conditions of this agreement into full force and effect.

11.  Binding Nature of Agreement.  This Agreement is intended as a binding agreement containing the material terms of the proposed transaction and does not purport to summarize all of the terms and conditions that may be determined by any party to be appropriate for such transaction. This Agreement is confidential. The provisions of the final terms of agreement shall be included in the final documents [the Plan or 9019 Motion] if necessary, and, as negotiated and approved, shall be binding on the Parties and their respective successors or assigns.

12.  Notices.  Any notices shall be sent to all other Parties hereto.

13.  Governing Law.  This Agreement shall be governed by the laws of the State of Texas and the United States Bankruptcy Code.

14.  Execution of this Agreement.  This Agreement may be executed in one or more counterparts each of which shall be deemed an original but all of which when taken together shall constitute but one and the same Agreement. This agreement shall be binding on all other signatories notwithstanding the failure of Pearville to execute a copy hereof.

15.  No solicitation of votes.  This Agreement is NOT deemed to be a solicitation of votes in favor of the Plan.

16.  Court Approval.  To the extent necessary, this agreement is subject to Bankruptcy Court Approval.

17.  Budget.  Promptly upon execution hereof, IBC will approve an October budget for Pearville in substantially the same form as the September budget previously approved.

18.  Extension of Deadlines.  The deadlines and dates set forth in this Agreement may be extended if agreed to by the Parties in writing. Neither Pearville's consent nor signature is required to extend the deadlines and dates set forth in this Agreement to the extent that such deadlines are matters strictly between IBC, LVH and Van Hessen.

[Signatures on Following Page]

2052912v2                                        4

Dated: November 9, 2010

_____
Pearville, L.P.

_____
LVH Pearville, LLC, Reuven Bisk Manager

_____
Paul J.A. Van Hessen by: Reuven Bisk
Agent and Attorney In Fact

_____
International Bank of Commerce

Pearville, L.P.

_____

LVH Pearville, LLC, Reuven Bisk Manager

_____

Paul J.A. Van Hessen by:  Reuven Bisk
Agent and Attorney in Fact

_____

International Bank of Commerce

2052912v2                              5

## EXHIBIT B: EXECUTORY CONTRACTS TO BE CURED AND ASSUMED BY REORGANIZED DEBTOR

| Counterparty | Description of Executory Contract or Lease | Estimated Cure Payment |
|---|---|---|
| Eye Styles | Tenant Lease | N/A |
| Subway Real Estate Corp. | Tenant Lease | N/A |
| Danny Vo, Dazzle Nails | Tenant Lease | N/A |
| Spec's Family Partners, Ltd. | Tenant Lease | N/A |
| SHRI Business, LLC, dba 2-A-Days | Tenant Lease | N/A |
| SprintCom, Inc. | Tenant Lease | $75,022.88 (as of January 1) $55,739.50 (as of April 1) |
| Le Petit Croissant Bakery | Tenant Lease | $25,850.00 |
| Peltier Brothers Construction LP | Construction Contract | $207,797.40 |
| Troy Construction LLC | Construction Contract | $236,222.30 |
| Lott & Brown Consulting Engineers | Services Contract | $55,533.21 |
| Burford & Maney, LLP | Legal Services Contract | $1,325.00 |
| Gray Jansing & Associates | Expert Witness Services Contract | $15,280.61 |
| Lighthouse Document Solutions | Document Management Services Contract | $3,748.43 |
| Engineered Construction Specialists, Inc. | Expert Witness Services Contract | $49,252.50 |
| Hughes Consulting Associates, Inc. | Expert Witness Services Contract | $3,600.00 |
| Sunbelt Reporting and Litigation Services | Document Recovery Services Contract | $3,342.59 |

